

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable Benton Coopwood
District Attorney, Travis County
Austin, Texas

Dear Sir:

Opinion No. O-5857
Re: Authority of Travis County
Grand Jury to order an audit
of the County's affairs and
authority of Commissioners'
Court to order an independent
audit.

Your letter of recent date received and in substance
is as follows:

"1. Has a Grand Jury of Travis County, Texas,
authority to order an audit of the county's af-
fairs?

"2. Has the Commissioners Court of Travis
County authority to order an independent audit of
the county's affairs except for the reasons stated
in Article 1641 of the Revised Civil Statutes of
Texas, 1925?

"I find no authority given in the statute for
a Grand Jury to order such audit, but would like to
have your opinion on the same. I am familiar with
Articles 1638-1640, inclusive, but do not feel that
these Articles contemplate a complete audit."

The population of Travis County according to the 1940
Federal Census is 111,053.

Therefore, Article 1646A, Vernon's Annotated Civil
Statutes, providing for the employment of a special auditor
or auditors by one or more counties under the population of

NICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Benton Coopwood, page 2

25,000, either jointly or separately, by the Commissioners' Court of said county or counties, and further providing the District Judge or Grand Jury may order said audit if either so desires, does not apply to Travis County.

Article 1638, Vernon's Annotated Civil Statutes, 1925, provides in regard to all counties the following:

"At each term of the district court, the district judge, upon request of the grand jury, may appoint a committee consisting of three citizens of the county, men of good moral character and intelligence, and experienced accountants, to examine into the condition of the finances of the county. Said committee shall examine all the books, accounts, reports, vouchers and orders of the commissioners court relating to the finances of the county that have not been examined and reported upon by a previous committee; count all the money in the office of the county treasurer belonging to the county, and make such other examination as it deems necessary and proper in order to ascertain the true condition of the finances of the county. The court shall, if necessary, upon the application of said committee, send for persons and evidence to aid in such investigation."

Article 1641, Vernon's Annotated Civil Statutes 1925, provides as follows:

"Any commissioners court, when in its judgment an imperative public necessity exists therefor, shall have authority to employ a disinterested, competent and expert public accountant to audit all or any part of the books, records or accounts of the county; or of any district, county or precinct officers, agents or employes, including auditors of the counties, and all governmental units of the county, hospital, farms, and other institutions of the county kept and maintained at public expense, as well as for all matters relat-

ing to or affecting the fiscal affairs of the county. The resolution providing for such audit shall recite the reasons and necessity existing therefor such as that in the judgment of said court there exists official misconduct, willful omission or negligence in records and reports, misapplication, conversion or retention of public funds, failure in keeping accounts, making reports and accounting for public funds by any officer, agent or employe of the district, county, or precinct, including depositories, hospitals and other public institutions maintained for the public benefit, and at public expense; or that in the judgment of the court, it is necessary that it have the information sought to enable it to determine and fix proper appropriation and expenditure of public moneys, and to ascertain and fix a just and proper tax levy. The said resolution may be presented in writing at any regular or called session of the commissioners court, but shall lie over to the next regular term of said court, and shall be published in one issue of a newspaper of general circulation published in the county; provided if there be no such newspaper published in the county, then notice thereof shall be posted in three public places in said county, one of which shall be at the court house door, for at least ten days prior to its adoption. At such next regular term said resolution shall be adopted by a majority vote of the four commissioners of the court and approved by the county judge. Any contract entered into by said commissioners court for the audit provided herein shall be made in accordance with the statutes applicable to the letting of contracts by said court, payment for which may be made out of the public funds of the county in accordance with said statutes. The authority conferred on county auditors contained in this title as well as other provisions of statutes relating to district, county and precinct finances and accounts thereof shall be held subordinate to the powers given herein to the commissioners' court."

Article 1641 was made necessary by the holding in the case of Navarro County v. Tullos, (Civ. App.) 237 S. W. 982, that the Commissioners' Court did not possess the right to disregard the duly appointed auditor and employ other auditors at the

county's expense for the purpose of obtaining information which it is the duty of the auditor to supply. 11 Tex. Jur., p. 582, (footnotes).

> "The authority of the commissioners' court as the governing body of a county to make contracts in its behalf is strictly limited to that conferred either expressly or by fair or necessary implication by the Constitution and laws of the state." 11 Tex. Jur., 632. Childress Co. v. State, (Sup. Ct.) 92 S. W. (2d) 1011.

Therefore, in regard to your question No. 1, we agree with your findings that there is no statute authorizing an audit to be ordered by the Grand Jury of Travis County, and we hold that such Grand Jury in this respect would have only the power to request an examination for the purposes and in the manner specified in Article 1638, supra.

In regard to your question No. 2, it appears that Article 1641 is the exclusive authority under which an independent audit could be ordered by your Commissioners' Court.

Trusting this fully answers your questions, we are

APPROVED FEB 21, 1944

ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore, Jr.
Robert L. Lattimore, Jr.
Assistant

RLL:EP


APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN